**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4192**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DELANTE ANTWYNE ROPER, a/k/a Puff,

                Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:08-cr-00059-JPB-DJJ-1)

Submitted:  June 3, 2010          Decided:  June 24, 2010

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Deirdre H. Purdy, Chloe, West Virginia, for Appellant.  Paul Thomas Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Delante Roper appeals his conviction and 322-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2006), and one count of using and carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion in denying Roper's motion to withdraw his plea, designating him as a career offender, and denying his motion for a variance sentence. Roper was advised of his right to file a pro se supplemental brief, but has not filed a brief. The Government has moved to dismiss Roper's appeal based on a waiver of appellate rights in his plea agreement.

Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). "In reviewing the adequacy of compliance with Rule 11,

2

this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Pursuant to a plea agreement, a defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). The issue of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. This court will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Here, the plea agreement contained a very broad appellate waiver as to Roper's sentence. The waiver stated that:

> [d]efendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions heretofore made by the United States in this plea agreement, Defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

3

At the Rule 11 hearing, the Government summarized the negotiated terms in the plea agreement, including the appeal waiver. The district court confirmed that Roper understood the terms of the agreement, including the appeal waiver, and that he had reviewed it with his attorney. Thus, we conclude that the appellate waiver is valid and enforceable as to Roper's sentence, and we grant the motion to dismiss as to the sentence. However, because the waiver provision does not preclude Roper's challenge to the validity of his conviction, it does not foreclose our consideration of his claim that the district court erred by denying his motion to withdraw his guilty plea.

This court reviews the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant may withdraw a guilty plea prior to sentencing if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A fair and just reason to withdraw a plea is one that essentially challenges the fairness of the Rule 11 proceeding. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (citing United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992)). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted," and a properly conducted Rule 11 proceeding

4

"raises a strong presumption that the plea is final and binding" and "leaves a defendant with a very limited basis upon which to have his plea withdrawn." United States v. Bowman, 348 F.3d 408, 414 (4th Cir. 2003); see United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996) (noting "key" to whether motion to withdraw should be granted is "whether or not the Rule 11 proceeding was properly conducted").

We have articulated the following nonexclusive list of factors for consideration by the district court in deciding whether to grant a withdrawal motion: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the Government; and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

On appeal, Roper argues that his guilty plea was invalid because counsel failed to fully explain the rights he would waive by pleading guilty and counsel threatened and coerced him into entering his plea by advising that Roper had no defense and faced a potential life sentence absent a plea

agreement. Thus, Roper contends that his plea was not knowing and intelligent.

Roper has not presented any evidence or argument to demonstrate that the district court abused its discretion. Indeed, the record before this court reveals that the district court substantially complied with the Fed. R. Crim. P. 11 requirements during the plea colloquy. The transcript of Roper's Rule 11 hearing reveals that the district court ensured that Roper's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offenses to which he was pleading guilty. Roper also confirmed during the hearing that he fully understood the ramifications of his guilty plea, and that no one made promises to him outside those made by the Government in his plea agreement.

We conclude that Roper's guilty plea was knowing and voluntary, and the district court did not abuse its discretion by denying Roper's motion to withdraw his guilty plea. Accordingly, we grant the motion to dismiss with regard to Roper's sentence, deny the motion as to his conviction, and affirm the conviction. We deny Roper's motion for supplemental briefing.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for

appeal.    This court requires that counsel inform Roper, in writing, of the right to petition the Supreme Court of the United States for further review.    If Roper requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roper.    We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>
<u>AND DISMISSED IN PART</u>